## TUCKER v. COLUMBIAN NAT. LIFE INS. CO.
### No. 1228.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

Normann, McMahon & Rouchell, of New Orleans (on appeal only), and Ponder & Ponder, of Amite, for appellant.

J. H. Inman, of Ponchatoula, for appellee.

MOUTON, Judge.

This case was consolidated for trial with the case of Lydian Tucker against defendant company, with agreement between counsel that separate judgments would be entered in the two suits.

In accordance with that agreement, we shall enter a separate decree in each case.

The defendant company issued an insur-

ance policy to the plaintiff herein who is suing defendant for the weekly amount due under the policy, and for double indemnity and attorney's fees.

The right of recovery by plaintiff for the amount demanded must be determined under the provisions of Act No. 310 of 1910, p. 527.

The real issue here is as to whether plaintiff is entitled to recovery for double indemnity and attorney's fees claimed as a penalty under the provisions of that act.

Section 1 of the act, in referring to claims under the policy, says: "Wherein payment of or indemnities shall be deferred longer than thirty days from written notice, and proof to the company, by the attending physician, in the form required by the terms of such policy or contract of insurance, informing the company of such sickness * * * entitling the assured to payment under the terms of such policy or contract."

Section 2 of the act requires that payment by the company to the assured shall not be delayed for a longer period than 30 days from the written notice of sickness which the physician attending the assured must give to the insurer. If the insurance company delays payment for a longer period than 30 days, unless upon just and reasonable grounds, it shall pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, with attorney's fees.

Plaintiff made several separate allegations to the effect that the attending physician's written notice or certificate attesting the sickness of the assured had been given defendant company, which had delayed payment of the amount due under the terms of the policy for a longer period than 30 days from this written notice or certificate.

All of the allegations so made by plaintiff were denied by defendant company, and no proof, oral or documentary, was offered or introduced in evidence by plaintiff to support those averments. It is evident that it was incumbent on plaintiff to prove that the company had failed to pay the amount due under the policy for a longer period than 30 days from the time it had received the written notice or certificate of the physician, as a necessary prerequisite, under the provisions of the statute for the imposition, as a penalty, of the double indemnity and attorney's fees claimed by the plaintiff.

The lower court therefore fell into an error in holding defendant company liable for double indemnity and attorney's fees without the proof required, as hereinabove stated.

For the same reason, this court will not pass upon the legality of the penalty imposed below.

We will not, however, dismiss plaintiff's suit, but will remand the case for the reception of evidence on the question of the physician's notice or certificate above referred to.

Reserving to defendant company all the defenses on the issue of double indemnity and attorney's fees, it may be entitled to urge under its pleadings, the policy, and the provisions of Act No. 310 of 1910, this case will be remanded for trial for the above-stated purpose.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be and is hereby remanded to the lower court for trial and the reception of evidence as hereinabove directed.